NO. 07-09-0239-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 24, 2010

_____

SAMMY JUAREZ, JR.

V.

THE STATE OF TEXAS

_____

FROM THE 421ST DISTRICT COURT OF CALDWELL COUNTY;

NO. 2008-112; HONORABLE MARK LUITJEN, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Sammy Juarez, Jr. appeals from his conviction of the offense of aggravated sexual assault and the resulting sentence of twenty-seven years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant's attorney has filed a brief in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403

(Tex.Crim.App. 2008).  Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

In May 2008, appellant was indicted for the offense of aggravated sexual assault. The indictment charged that on or about November 15, 2003, appellant "intentionally or knowingly cause[d] the penetration of the female sexual organ of [victim], a child younger than 14 years of age who was not the spouse of said defendant by the defendant's male sexual organ.[1]   On appellant's not guilty plea, the case was tried to a jury in April 2009.

At trial, the State presented the testimony of a forensic interviewer.  The interviewer testified she talked to the victim on October 25, 2007, the day after the victim told a school teacher she had been sexually abused by her mother's current boyfriend.  During that interview, the victim made an outcry against appellant, stating he had put his penis inside her several years before, when she was in the fourth grade.

The victim, 14 years old at the time of trial, testified appellant penetrated her vagina with his penis, in her home in Lockhart, just after she turned nine years old. She said she did not tell anyone about the assault because she was scared appellant would come back.  She finally told her mother and the forensic interviewer years later when

---

[1]  *See* Tex. Penal Code Ann. § 22.021 (Vernon 2003).  This is a first degree felony punishable by imprisonment for life or for any term of not more than 99 years or less than 5 years and a fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.32 (Vernon 2003).

she felt it was safe. The victim's mother testified she dated appellant for two or three months, their relationship ending in February 2004.

The victim's uncle, who kept her at that time while her mother worked, testified to an occasion when appellant appeared at the child's home and told the uncle the victim's mother said the uncle could go home. The victim's counselor testified, noting it is not uncommon for victims of child abuse to refrain from telling others about the assault and stated the victim had difficulty trusting adults and did not view her mother as someone who would keep her safe.

Appellant cross-examined the victim, attempting to show the physical difficulty of her version of the sexual assault and emphasizing her assertions he held her down with one hand while simultaneously removing her pants and performing the sexual assault. Appellant also presented the testimony of his grandmother. She testified that in the fall of 2003, appellant lived with her in Luling and was there every day he was not working.

During the punishment stage, the State presented evidence of appellant's prior criminal history. Appellant presented two witnesses, both of whom testified he posed no danger to the community.

The jury found appellant guilty as charged in the indictment, and assessed the sentence we have noted. Appellant timely filed notice of appeal.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case and appellant's jury trial. Counsel discusses the applicable law and sets forth the reasons he concludes the record presents no arguably meritorious appellate issues. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has filed a response raising two issues.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

In compliance with the principles enunciated in *Anders,* appellate counsel discussed several potential areas for appeal. They involved (1) the trial court's denial of appellant's challenge for cause against a prospective juror; (2) the trial court's admission of the forensic interviewer's testimony as the designated outcry witness

pursuant to article 38.072 of the Code of Criminal Procedure; (3) the trial court's denial of appellant's request to introduce details about a prior abuse complaint made by the victim; (4) the trial court's sustaining of the State's objection during appellant's closing argument regarding lack of medical evidence to prove sexual assault; (5) the trial court's overruling of appellant's objection during the State's closing argument at punishment suggesting appellant's likelihood to re-offend; and (6) the legal and factual sufficiency of the evidence to support appellant's conviction for aggravated sexual assault. Appellant also raised two issues in his response. The first was a complaint he did not receive a fair trial because the jury was biased. The second was a complaint about the sufficiency of the evidence to support his conviction.

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. We agree it presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[2] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[2] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.